UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID L. BOWEN,

       Plaintiff,

                                 CASE NO. 2:09-CV-10414

v.                                JUDGE AVERN COHN

                                 MAGISTRATE JUDGE PAUL KOMIVES

RICHARD CADY and V. McCABE,

       Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (docket #15)

I.     <u>RECOMMENDATION</u>: The Court should grant defendants' motion for summary judgment (docket #15).

II.    <u>REPORT</u>:

A.    *Background*

      Plaintiff David Bowen is a former state prisoner who, at the times relevant to this complaint, was incarcerated at the Southern Michigan Correctional Facility. Plaintiff commenced this action in the United States District Court for the Western District of Michigan on July 28, 2008, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On February 3, 2009, the case was transferred to this Court. Plaintiff names as defendants Resident Unit Manager Richard Cady and Assistant Deputy Warden Vicki McCabe. Plaintiff's complaint alleges, in its entirety:

> While being housed at "J.M.F." Southern M. Correctional Fac. for "D.U.I." drunk driving, on July 25, 2007 I was coming down stairs to get some water. And I fell down and rolled down 26 steps from the second step. I have had at that time a medical detail that stated I should never have been up there. It says a ground floor room. I have sent you a copy of my medical accommodations detail. I fell at 7:30

1

am on July 25; it was located at "J.M.F." 5 Block 4010 Cooper St. 49201.  I was told by Sergeant Allen that I had to move up to the second floor even after I showed him my medical detail.  And that the move was ordered by control center.  And he refused me any names further.  And he said that if I refused to be moved that I would go to segregation.  Well after I fell Sergeant Allen told another officer to shut off the camera once he discovered that I had a medical detail for a ground floor room.  And now I sit in pain getting little to no help from medical.  I took my detail to the "RUM" Richard Cady trying to get moved.  He said file a grievance.  So I did but it fell untimely at the second step do [sic] to my writing disability.  So special thanks to the inmate helping.  He is part of the legal writers.  The legal writer at "J.M.F." told me he lost my second step grievance because I would not pay him for his services.  He gets paid thru [sic] the prison Law Library.  "He just wanted more."  I have the summary of the complaint step one.  It states (Investigative Information - prisoner had a "ground floor" "bottom bunk" detail.  He was moved to a cell on the upper level when he had his accident.)  They are in neglect of policy (P.D..03.03.130 pg 3 of 3 K-3 any act or lack of care, weather [sic] by will, act or neglect that injures or significantly impairs the health of any prisoner is a violation of policy above).  This quotation is also from the step two grievance under summary.  Now I'm in a wheelchair unable to walk do [sic] to my back & neck injuries.  Prison medical is refusing me the M.R.I. that the Doctor said that I would need.

Compl., at 2-3.[1]

The matter is currently before the Court on defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56, filed on May 4, 2009.  Defendants argue that they are entitled to summary judgment because (1) plaintiff failed to exhaust his administrative remedies, and (2) plaintiff has failed to allege any personal involvement by defendants.  Plaintiff filed a brief response to the motion on September 2, 2009.  He requests that the court deny the motion for summary judgment and that he have an opportunity for discovery pursuant to Fed. R. Civ. P. 56(f).  For the reasons that follow, the Court should grant defendants' motion for summary judgment.

B.    *Legal Standard*

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers

---

[1]On July 7, 2008, plaintiff filed a separate action in this Court arising from these events against the Michigan Department of Corrections, Sergeant Allen, and MDOC Director Patricia Caruso.  That action is currently pending in Case No. 2:08-CV-12877.

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A fact is material only if its resolution will affect the outcome of the lawsuit."  *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor.  *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case."  *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case."  *Celotex Corp.*, 477 U.S. at 325.  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue.  As the Supreme Court has explained:

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he

existence of a mere scintilla of evidence in support of the non-moving party's position will not be

sufficient; there must be evidence on which the jury could reasonably find for the non-moving

party." *Sutherland*, 344 F.3d at 613.

C.      *Analysis*[2]

        To state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right,

---

[2]Defendants contend that they are entitled to summary judgment because plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). However, § 1997e allows the Court to dismiss a claim on the merits notwithstanding the failure of a prisoner to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(c)(2). Although this provision directly addresses a claim for relief that fails to state a claim on its face, it is equally applicable where the case has already progressed to the summary judgment stage. This provision is akin to the habeas corpus rule which permits a court to dismiss unexhausted claims on the merits. Much like the habeas exhaustion requirement, the PLRA exhaustion requirement is designed to promote administrative and judicial efficiency, and to show respect for the states by allowing the states the first opportunity to correct constitutional errors. *See, e.g., Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (per curiam); *Sanders v. Elyea*, No. 96 C 4559, 1998 WL 67615, at *5 (N.D. Ill. Feb. 10, 1998). And, as the habeas courts have noted, exhaustion of meritless constitutional claims does not promote these interests. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Section § 1997e(c)(2) recognizes this fact, and is equally applicable notwithstanding the fact that this case is now before the Court on a motion for summary judgment. Accordingly, because as discussed below plaintiff's claims are without merit, the Court should grant summary judgment on the merits rather than require further exhaustion. *Cf. Bastek v. Federal Crop Ins. Corp.*, 975 F. Supp. 534, 536 (S.D.N.Y. 1997) ("However, when one of the purposes is not furthered, exhaustion is normally not required."), *aff'd*, 145 F.2d 90 (2d Cir. 1998), *petition for cert. filed*, No. 98-320 (Aug. 20, 1998); *Unger v. US West, Inc.*, 889 F. Supp. 419, 424 (D. Colo. 1995) ("If these purposes would not be furthered, then administrative exhaustion is fruitless."); *Coles Express v. New England Teamsters & Trucking Indus. Pension Fund*, 702 F. Supp. 355, 361 (D. Me. 1988) ("Exhaustion of administrative remedies is not compelled where the policies it was intended to further are not implicated, as where there is no need for the superior expertise of an administrative body, where judicial economy would not be promoted and where the statutory scheme created by Congress would not be ignored.").

privilege or immunity secured by the Federal Constitution or the laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994). Further, the Supreme Court has made clear that liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Thus, "[t]o recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). In other words, in order to state a claim under § 1983 "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (per curiam); *see also*, *Carr v. Parker*, No. 98-6395, 1999 WL 1206879, at *1 (6th Cir. Dec. 9, 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). As the Sixth Circuit has stated:

> "Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate*."

*Taylor v. Michigan Dep't of Corrections*, 69 F.3d 73, 81 (6th Cir. 1995) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (emphasis added)) (emphasis by *Taylor* court); *see also*, *Monell*, 436 U.S. at 693-95; *Birell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989); *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976). Furthermore, an allegation that a supervisor was aware of an actionable wrong committed by a subordinate and failed to take corrective action "is

5

insufficient to impose liability on supervisory personnel under § 1983." *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). As the *Haydon* court stated: "A supervisory official's failure to control, or train the offending individual is not actionable, unless the supervisor 'either encouraged the specific incident or in some other way directly participated in it.'" *Haydon*, 853 F.2d at 429 (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)).

Here, plaintiff has alleged no personal involvement on the part of defendants. With respect to defendant Cady, he contends only that defendant Cady told him that he had to file a grievance, and plaintiff did so. Plaintiff makes no specific allegations against defendant McCabe. Their only role in the incidents alleged by plaintiff are in responding to petitioner's grievances. Defendant Cady responded to petitioner's grievance filed after the fall down the stairs, and the response indicated that although plaintiff did not at the time of the fall have a "no stairs" detail, the staff was working on it at the time and plaintiff had since been given a ground floor cell. Defendant McCabe reviewed this grievance and response. *See* Def.'s Br., Ex. A. Defendant Cady, reviewed by defendant McCabe, had similarly resolved a grievance occurring prior to the fall, indicating at that time that "[a]ttempts have been made to place this prisoner into a cell that can meet his medical needs. Grievance should be resolved with the return of the prisoner to a lower level cell." *See id.*, Ex. B. Plaintiff's complaint contains no allegations to rebut this evidence that defendants' only involvement was in responding to his grievances, nor does petitioner allege or provide any evidence of involvement beyond the grievance process in his response to defendants' motion for summary judgment.

Thus, the evidence and allegations establish that defendants had no role beyond responding to plaintiff's grievances. This is insufficient to show their personal involvement. The Constitution

6

does not require a state to establish a prison grievance system, and thus the denial of, or failure to consider, a grievance does not state a constitutional claim under § 1983 or render the reviewing official personally involved in the deprivation alleged in the grievance.  *See Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004); *Martin v. Harvey*, No. 00-1439, 2001 WL 669983, at \*2 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (as against defendants whose only involvement was the denial of administrative remedies and the "failure to remedy the alleged retaliatory behavior[,]" "[t]here is no allegation that any of these defendants directly participated . . . in the claimed . . . acts[].");  *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989) ("The mere fact that these defendants found plaintiff Martin's grievance concerning the seizure to be without merit is insufficient to state a claim against them.").  Accordingly, the Court should grant defendants' motion for summary judgment.

D.      *Plaintiff's Request for Further Discovery*

In response to defendants' motion, petitioner makes no argument rebutting defendants' legal position.  Rather, he merely asks for further discovery pursuant to Rule 56(f).  That rule provides, in relevant part, that a court may deny a motion for summary judgment "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  FED. R. CIV. P. 56(f).  As another court in this Circuit has explained:

> When a party opposing a motion for summary judgment believes that further discovery is needed to develop the issues addressed in the motion, that party must file an affidavit pursuant to Fed.R.Civ.P. 56(f) ("R.56(f)"), to "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). Rule 56(f) provides as follows:
> > Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons

7

> stated present by affidavit facts essential to justify the party's
> opposition, the court may refuse the application for judgment or may
> order a continuance to permit affidavits to be obtained or depositions
> to be taken or discovery to be had or may make such other order as
> is just.

Rule 56(f) is the means by which a party resisting a motion for summary judgment fulfills the "obligation to inform the district court of his need for discovery . . . ." *Cacevic*, 226 F.3d at 488 (quoting *Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996)). The party seeking additional discovery must "affirmatively demonstrate . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir.1998) (internal quotation marks omitted).

> The filing of a Rule 56(f) affidavit is no mere formality:
>
> > We, like other reviewing courts, place great weight on the
> > Rule 56(f) affidavit, believing that "[a] party may not simply assert
> > in its brief that discovery was necessary and thereby overturn
> > summary judgment when it failed to comply with the requirement of
> > Rule 56(f) to set out reasons for the need for discovery in an
> > affidavit." The Second Circuit Court of Appeals has similarly
> > explained that "[a] reference to Rule 56(f) and to the need for
> > additional discovery in a memorandum of law in opposition to a
> > motion for summary judgment is not an adequate substitute for a Rule
> > 56(f) affidavit . . . and the failure to file an affidavit under Rule 56(f)
> > is itself sufficient grounds to reject a claim that the opportunity for
> > discovery was inadequate."

*Cacevic*, 226 F.3d at 488 (quoting *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996)) (citations omitted) (alterations in original). "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Id.*

*Gencorp, Inc. v. AIU Ins. Co.*, 304 F. Supp. 2d 955, 960 (N.D. Ohio 2004); *see also*, *Gettings v. Building Laborers Local 310 Fringe Benefit Fund*, 349 F.3d 300, 305 (6th Cir. 2003); *Cacevic*, 226 F.3d at 488; *Evans*, 80 F.3d at 961.  Thus "a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." *Evans*, 80 F.3d at 961 (internal quotation omitted); *see also*, *Whalen v. Century Communications*, No. 97-

16572, 1999 WL 109630, at *1 (9th Cir. Dec. 10, 1998) ("An inadequate discovery time argument fails where the party complaining failed to take advantage of the procedural remedy offered in Rule 56(f).").

Although plaintiff makes a general claim that he needs further discovery to prosecute his action, he does not argue in his response to defendants' motion for summary judgment that further specific discovery is needed. He does not point to any potential discovery which could show that defendants had any personal involvement beyond their roles in responding to his grievances. On the contrary, the allegations of petitioner's complaint make clear that Sergeant Allen, who is a defendant in another case brought by plaintiff, was the one who failed to abide by his medical detail for a ground floor bunk. Thus, petitioner has failed to point to any additional evidence that discovery could uncover which would bear on defendants' entitlement to summary judgment. Further, plaintiff has failed to file an affidavit pursuant to Rule 56(f) detailing the need for further discovery. *See Short v. Oaks Correctional Facility*, 129 Fed. Appx. 278, 281-82 (6th Cir. 2005) (applying Rule 56(f) requirements to *pro se* plaintiff); *Summers*, 368 F.3d at 887. *See generally*, *Dicesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (Rule 56(f) requirements apply to *pro se* parties).[3] Accordingly, the Court should deny plaintiff's request for further discovery.

E.    *Conclusion*

In view of the foregoing, the Court should grant defendants' motion for summary judgment,

---

[3]As the Sixth Circuit noted in *Caceric*, some courts have held that a *pro se* party need not strictly comply with the technical requirements of Rule 56(f); thus, for example, a *pro se* brief which contains the information required by Rule 56(f) may suffice even in the absence of an affidavit. *See Caceric*, 226 F.3d at 488-89. Here, however, plaintiff has provided the Court with none of the information required by Rule 56(f) to support his need for further discovery. Thus, as in *Caceric*, the Court need not consider whether some filing short of an affidavit would be sufficient because plaintiff "complied with neither the technical nor the substantive aspects of the rule." *Caceric*, 226 F.3d at 489.

and should dismiss plaintiff's action.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

10

Dated: 12/10/09

<div style="border:1px solid black">

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on December 10, 2009.

s/Eddrey Butts
Case Manager

</div>